UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT A. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02534-TWP-DML |
| | ) | |
| A. WILLIAMS, | ) | |
| KEITH BUTTS, | ) | |
| THELMA NORNES, | ) | |
| GEO GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Screening Complaint and Directing Service of Process**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Correctional Industrial Facility ("CIF"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The complaint names four defendants: 1) A. Williams, 2) Keith Butts, 3) Thelma Nornes, and 4) GEO Group, Inc. The plaintiff alleges that he is a target for extortion by other inmates in protective custody because he is known to be a sex offender, he is small in stature, and he has access to more money than most inmates and this is evident to other inmates when they observe the plaintiff's sizable commissary orders. He alleges that around March 13, 2018, another inmate threatened to beat him if he did not give the other inmate Thirty Dollars ($30.00) each month.

He alerted defendants Williams, Butts, and Nornes to the threat in letters and requests for interview. He complained directly to defendants Williams and Nornes during a classification hearing on March 14, 2018. They acknowledged that they had received the plaintiff's written communications regarding the situation. The plaintiff requested to be separated from the inmate that threatened him and requested to be moved to a different protective custody pod. Defendants Williams and Nornes refused the plaintiff's requests and told him to stop giving other inmates his commissary.

On March 21, 2018, the inmate who had threatened the plaintiff beat him because he refused to pay the inmate the monthly extortion payment. After the beating, the plaintiff experienced excruciating pain and bruising and required four stitches for a cut on his forehead. The plaintiff alleges that the defendants exhibited deliberate indifference to his physical safety and he was injured as a result. The plaintiff also raises state law claims of negligence against all four defendants and battery against defendants Williams, Butts, and Nornes. Finally, he alleges that defendant GEO Group, Inc. has a policy of deliberate indifference to inmate's complaints

regarding threats of physical violence from other inmates. He seeks declaratory relief, injunctive relief, and monetary damages.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, the plaintiff's battery claim against defendants Williams, Butts, and Nornes is **dismissed** for failure to state a claim for which relief can be granted. The plaintiff does not allege any facts to support a claim that these defendants battered the plaintiff.

Second, the following claims shall proceed as presented in the complaint:

- Deliberate indifference claims against defendants Williams, Butts, and Nornes.
- Policy and practice claim against defendant GEO Group, Inc.
- State law negligence claims against all defendants.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through November 8, 2018,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The clerk is directed pursuant to *Fed. R. Civ. P.* 4(c) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint filed on August 16, 2018, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 10/11/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT A. BELL
944717
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

A. Williams, employee
NEW CASTLE CORRECTIONAL FACILIITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Keith Butts, employee
NEW CASTLE CORRECTIONAL FACILIITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Thelma Nornes, employee
NEW CASTLE CORRECTIONAL FACILIITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Geo Group, Inc.
NEW CASTLE CORRECTIONAL FACILIITY
1000 Van Nuys Road
NEW CASTLE, IN 47362