| | | |
|---|---|---|
| ROBERT A. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02534-TWP-DML |
| | ) | |
| A. WILLIAMS, | ) | |
| KEITH BUTTS, | ) | |
| THELMA NORNES, | ) | |
| GEO GROUP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Motion to Amend Complaint,
Screening Amended Complaint, and Directing Service of Process**

The plaintiff's motion to amend complaint, dkt. [11], is **granted. The clerk is directed to**

redocket dkt. 11-1 as the amended complaint in this action.

## I. Screening Standard

The plaintiff is a prisoner currently incarcerated at New Castle Correctional Facility ("New

Castle"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has

an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the

defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if

it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a

defendant who is immune from such relief. In determining whether the amended complaint states

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a
> claim for relief that is plausible on its face. A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Amended Complaint

The complaint names nine defendants: 1) A. Williams, 2) Keith Butts, 3) Thelma Nornes, 4) GEO Group, Inc., 5) Roy Davis, 6) Glen Thompson, 7) Jennifer French, 8) Nicole Driscoll, and 9) Scott Fitch.[1] The plaintiff alleges that he is a target for extortion by other inmates in protective custody because he is known to be a sex offender, he is small in stature, and he has access to more money than most inmates and this is evident to other inmates when they observe the plaintiff's sizable commissary orders. He alleges that on around March 13, 2018, another inmate threatened to beat him if he did not give the other inmate Thirty Dollars ($30.00) each month.

He alerted all the individual defendants to the threat in letters and requests for interview. He complained directly to defendants Williams and Nornes during a classification hearing on March 14, 2018. They acknowledged that they had received the plaintiff's written communications regarding the situation. The plaintiff requested to be separated from the inmate that threatened him and requested to be moved to a different protective custody pod. Defendants Williams and Nornes refused the plaintiff's requests and told him to stop giving other inmates his commissary.

On March 21, 2018, the inmate who had threatened the plaintiff beat him because he refused to pay the inmate the monthly extortion payment. After the beating, the plaintiff

---

[1] The complaint makes some factual allegations against "Scott." The Court construes allegations made against "Scott" to be made against Mr. Fitch.

experienced excruciating pain and bruising and required four stitches for a cut on his forehead. The plaintiff alleges that the defendants exhibited deliberate indifference to his physical safety, and he was injured as a result. The plaintiff also raises state law claims of negligence against all nine defendants and battery against the eight individual defendants. Finally, he alleges that defendant GEO Group, Inc. has a policy of deliberate indifference to inmate's complaints regarding threats of physical violence from other inmates and that GEO Group, Inc. has breached its contract. He seeks declaratory relief, injunctive relief, and monetary damages.

Based on the screening standard described above, certain claims shall proceed while others will be dismissed. First, the plaintiff's battery claim against the individual defendants is **dismissed** for failure to state a claim for which relief can be granted. The plaintiff does not allege any facts to support a claim that these defendants battered the plaintiff.

Second, the following claims **shall proceed** as presented in the complaint:

- Deliberate indifference claims against defendants Williams, Butts, Nornes, Davis, Thompson, French, Driscoll, and Fitch.

- Policy and practice claim against defendant GEO Group, Inc.

- Breach-of-contract claim against defendant GEO Group, Inc. under Indiana law under the theory that defendant GEO Group, Inc. has breached its contract with the Indiana Department of Correction in a manner that has injured the plaintiff as a third-party beneficiary of that contract.

- State law negligence claims against all defendants.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged

in the complaint, but not identified by the Court he shall have **through January 7, 2019,** in which to identify those claims.

The clerk is directed pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Roy Davis, Glen Thompson, Jennifer French, Nicole Driscoll, and Scott Fitch in the manner specified by *Fed. R. Civ. P.* 4(d). Process shall consist of the amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry. The **clerk is directed** to add defendants Roy Davis, Glen Thompson, Jennifer French, Nicole Driscoll, and Scott Fitch to the docket. Defendants A. Williams, Keith Butts, Thelma Nornes, and GEO Group, Inc. have already appeared. They shall have 21 days to file a responsive pleading.

**IT IS SO ORDERED.**

Date: 12/10/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT A. BELL
944717
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com

Roy Davis, employee
NEW CASTLE CORRECTIONAL FACILIITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Glen Thompson, employee
NEW CASTLE CORRECTIONAL FACILIITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Jennifer French, employee
NEW CASTLE CORRECTIONAL FACILIITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Nicole Driscoll, employee
NEW CASTLE CORRECTIONAL FACILIITY
1000 Van Nuys Road
NEW CASTLE, IN 47362

Scott Fitch, employee
NEW CASTLE CORRECTIONAL FACILIITY
1000 Van Nuys Road
NEW CASTLE, IN 47362